**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SUKHCHAIN S.,<br>Petitioner,<br>v.<br>WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY et.al.,<br>Respondents. | No. 1:25-CV-01863-TLN-DMC-HC<br><br><u>FINDINGS AND RECCOMENDATIONS</u> |

Petitioner, a former immigration detainee, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, requesting injunctive relief. <u>See</u> ECF No. 1. Respondents filed a motion to dismiss and opposition to injunctive relief. <u>See</u> ECF No. 7.

The District Judge summarized the factual history as follows:

> Petitioner is a citizen and national of India who was apprehended entering the United States on June 5, 2023. (ECF No. 7 at 1.) Removal proceedings were initiated, and Petitioner was placed in the Intensive Supervision Appearance Program and released with conditions. ("ISAP"). (*Id.*) On September 9, 2025, Petitioner went to an ISAP Office to obtain permission to travel out of state. (ECF No. 1 at 5.) Upon exiting the ISAP office, Petition was detained. (*Id.*) Petitioner has a pending asylum petition. (*Id.* at 6.)
>
> ECF No. 8, pg. 2

The District Judge granted Petitioner's motion for temporary restraining order, finding that Petitioner established a likelihood of success on the merits of his due process claim, ECF No. 8, and granted a preliminary injunction, ordering that Respondents be enjoined and

restrained from re-arresting or re-detaining Petitioner absent constitutional protections, ECF No. 12. The matter was referred to the undersigned for further proceedings. The undersigned provided Respondents an opportunity to file supplemental briefing, ECF Nos. 15 and 18, and Respondents elected to "stand on their earlier briefing." ECF No. 19, pg. 1.

The undersigned has evaluated the petition, the parties' arguments, and the record in this case. The Court finds, for the reasons addressed in the District Judge's order, ECF Nos. 8 and 12, and in other cases, see Sarfaraz Mohammed v. Murray, No. 1:25-CV-01761-TLN-DMC-HC, 2026 LX 11020, WL 124866 (E.D. Cal. Jan. 15, 2026), report and recommendation adopted, No. 1:25-CV-01761-TLN-DMC, 2026 WL 311864 (E.D. Cal. Feb. 5, 2026), that Petitioner's re-detention without notice or a pre-deprivation bond hearing violated the Due Process Clause of the Fifth Amendment. Therefore, the undersigned will recommend the petition be granted.

Based on the foregoing, the undersigned RECOMMENDS that the motion to dismiss, ECF No. 7, be denied, and the petition for writ of habeas corpus, ECF No. 1, be GRANTED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). Thus, within 7 days after being served with these findings and recommendations, any party may file written objections with the Court. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 14, 2026

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE